**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Action No. _____

VIRGINIA EBANKS,

    Plaintiff,

v.

PHILLIPS & COHEN ASSOCIATES, LTD.,

    Defendant,

_____/

**COMPLAINT**

**NOW COMES** VIRGINIA EBANKS, through undersigned counsel, complaining of PHILLIPS & COHEN ASSOCIATES, LTD., as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4. VIRGINIA EBANKS ("Plaintiff") is a natural person whom at all times relevant resided at 2073 SE Lennard Rd, Apt 310, Port Saint Lucie, Florida 34952.

5. PHILLIPS & COHEN ASSOCIATES, LTD. ("Defendant") is a limited company specializing in the practice of debt collection in various states.

6. Defendant maintains its principal place of business at 1002 Justison Street, Wilmington, Delaware 19801.

## FACTUAL ALLEGATIONS

7. At some point, Plaintiff applied for and was approved for a Visa Apple Rewards credit card through Barclays Bank Delaware.

8. Additionally, at some point, Plaintiff applied for and was approved for a JetBlue Plus Card credit card through Barclays Bank Delaware.

9. Due to unforeseen financial difficulties, Plaintiff fell behind on both of these obligations (collectively, the "subject debts").

10. After Plaintiff fell behind on the subject debts, Plaintiff was contacted by a company of the name of Capital Management Services to collect upon the subject debts.

11. Eventually, Plaintiff retained counsel to represent her in two separate matters against Capital Management Services.

12. Both of the above-referenced matters are currently pending in Southern District of Florida.

13. As both matters are pending, Capital Management Services, LP is aware of the undersigned's representation of Plaintiff in these two matters regarding the subject debts.

14. Unfortunately, Defendant contacted Plaintiff regarding the subject debts on at least one occasion of February 24, 2021.

15. Plaintiff was concerned and incredibly worried that she was being contacted by Defendant after she retained counsel to represent her regarding the subject debts.

16. Specifically, Plaintiff experienced significant emotional distress from the contact as she was under the impression that since she had counsel she would no longer be contacted by outside companies regarding the subject debts.

17. Concerned with having had her rights violated, Plaintiff reached out to counsel regarding this matter to ensure that her rights were protected and enforced.

18. Simply put, Plaintiff's statutorily guaranteed FDCPA rights were violated.

19. Plaintiff was placed into a compromising position regarding her subject debts.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1692

20. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.      Violation(s) of 15 U.S.C. § 1692c**

21. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consent to direct communication with the consumer.
> 15 U.S.C. § 1692c(a).

22. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff when it knew that Plaintiff was represented by counsel.

23. Specifically, Plaintiff is currently engaged in two separate lawsuits with Capital Management Services, LP regarding the subject debts and Defendant should have been notified that Plaintiff was already represented by counsel regarding the subject debts.

**WHEREFORE**, Plaintiff, VIRGINIA EBANKS, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692;

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. §1692;

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 2, 2021

Respectfully submitted,

VIRGINIA EBANKS

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com