## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

### Civil Action No. 2:21-cv-14110-KMM-SMM

**VIRGINIA EBANKS,**

        **Plaintiff,**

  **v.**

**PHILLIPS & COHEN ASSOCIATES, LTD.,**

        **Defendant.**

_____/

### DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Phillips & Cohen Associates, Ltd. ("PCA"), by and through its undersigned counsel, submits the following Answer and Affirmative Defenses ("Answer") in response to the Complaint (the "Complaint") filed by Plaintiff Virginia Ebanks ("Plaintiff").

### NATURE OF THE ACTION

1.      To the extent the allegations set forth in Paragraph 1 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, PCA denies that Plaintiff has any basis in fact or law to maintain this action against PCA. To the extent the allegations are contrary to the law, they are denied. To the extent any factual allegations are contained in Paragraph 1 of the Complaint, they are denied. PCA specifically denies all claims in the Complaint alleging that it violated the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

2.      The allegations set forth in Paragraph 2 of the Complaint contain statements and/or conclusions of law, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

3.      The allegations set forth in Paragraph 3 of the Complaint contain statements and/or conclusions of law, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

## PARTIES

4.      PCA admits that Plaintiff is a natural person.  PCA is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5.      The allegations set forth in Paragraph 5 of the Complaint contain statements and/or conclusions of law, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

6.      The allegations set forth in Paragraph 6 of the Complaint contain statements and/or conclusions of law, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

## FACTUAL ALLEGATIONS

7.      The allegations set forth in Paragraph 7 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  To the extent the allegations are contrary to the documents, they are denied.  PCA denies the remaining allegations in Paragraph 7.

8.  The allegations set forth in Paragraph 8 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  To the extent the allegations are contrary to the documents, they are denied. PCA denies the remaining allegations in Paragraph 8.

9.  PCA is without sufficient knowledge and/or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10.  PCA is without sufficient knowledge and/or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint due to lack of applicability, and therefore denies the same.

11.  PCA is without sufficient knowledge and/or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12.  The allegations set forth in Paragraph 12 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  To the extent the allegations are contrary to the documents, they are denied.

13.  PCA is without sufficient knowledge and/or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint due to lack of applicability, and therefore denies the same.

14.  The allegations set forth in Paragraph 14 of the Complaint are denied.

15.  The allegations set forth in Paragraph 15 of the Complaint are denied.

16.  The allegations set forth in Paragraph 16 of the Complaint are denied.

17.  PCA is without sufficient knowledge and/or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore denies the same.

18.  The allegations set forth in Paragraph 18 of the Complaint are denied.

19.  The allegations set forth in Paragraph 19 of the Complaint are denied.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1692

20.     PCA incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

**a.      Violation(s) of 15 U.S.C. § 1692c**

21.     The allegations set forth in Paragraph 21 of the Complaint contain statements and/or conclusions of law, to which no response is required.  To the extent the allegations are contrary to the law, they are denied.

22.     The allegations set forth in Paragraph 22 of the Complaint are denied.

23.     The allegations set forth in Paragraph 23 of the Complaint are denied.

PCA denies that Plaintiff is entitled to the relief set forth in the unnumbered "WHEREFORE" paragraph following Paragraph 23 of the Complaint, including subparagraphs A – F.

## DEMAND FOR JURY TRIAL

PCA admits Plaintiff requests a trial by jury.

PCA denies that Plaintiff is entitled to any relief whatsoever.

PCA denies all allegations not specifically admitted herein.

PCA reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

PCA reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

PCA hereby sets forth the following affirmative and other defenses to the Complaint.  By asserting the defenses set forth below, PCA does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does PCA admit that Plaintiff is relieved of Plaintiff's burden to prove each and every element of Plaintiff's claims and the damages, if any, to which Plaintiff is entitled.  PCA reserves the right to amend its Affirmative and Other Defenses to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

1.      The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  PCA reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2.      PCA denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3.      Plaintiff's claims are barred to the extent that Plaintiff has not suffered an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

4.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by Plaintiff's own acts, omissions, or negligence, or other acts or omissions of third parties other than PCA.

5.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to mitigate Plaintiff's damages.

6.      Plaintiff's claims are barred to the extent that at all times relevant, PCA acted reasonably and in good faith and without any malice or intent to injure Plaintiff and complied fully with the Fair Debt Collection Practices Act ("FDCPA").

7.      Plaintiff's claims are barred to the extent that the means employed by PCA to collect any debt from Plaintiff were fair and conscionable.

8.      Any recovery Plaintiff receives is subject to a set off if any damages are awarded against PCA, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.  PCA is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

9.      Plaintiff's claims under the FDCPA fail to the extent any violation – which PCA denies – resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

10.     PCA reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd., respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be granted in favor of PCA, that the relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and for such other and further relief as the Court deems just and proper.

Date:   May 24, 2021                                     Respectfully Submitted,

                                                          **PHILLIPS & COHEN ASSOCIATES, LTD.**

                                                          By: */s/ Gillian Williston*
                                                          Gillian Williston, FBN: 14270
                                                          TROUTMAN PEPPER HAMILTON SANDERS LLP

222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7517
Facsimile: (757) 687-7510
E-mail: gillian.williston@troutman.com

*Counsel for Defendant Phillips & Cohen
Associates, Ltd.*